KATE L. GLEESON, APPELLANT, V. WILLIAM J. GLEESON, APPELLEE.

FILED JUNE 16, 1913. No. 17,194.

Divorce: ADJUSTMENT OF PROPERTY RIGHTS. The decree in this case which finds the defendant entitled to a share of the property accumulated by the joint efforts of husband and wife during the existence of the marriage relation is sustained by the evidence.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Affirmed.*

*C. S. Polk*, for appellant.

*Price & Abbott, contra.*

LETTON, J.

This is an action for divorce on the ground of non-support and extreme cruelty. The defendant denied that he was guilty of the commission of the acts charged and of failure to support his wife, and by way of cross-petition alleged that during marriage a large amount of real and personal property had been accumulated by their joint efforts, which was held in the plaintiff's name, and that he was entitled to one-half of the same. He asked that if a divorce be granted he be declared the owner of one-half of the property. The court found that the plaintiff was entitled to a divorce, and also found that certain real estate in plaintiff's name was accumulated by the joint efforts of the parties during marriage. It adjudged that plaintiff should pay the defendant $1,000 for his equity therein and the title quieted in her when that was done. Plaintiff appeals.

It is unnecessary to detail the evidence. In 1898, at the time the parties were married, the plaintiff had been keeping a rooming house in Lincoln for some years; she continued to do so until a short time ago, when the business and furniture was sold and the proceeds, together with $2,200 which she inherited, were invested in other real estate, which is the property described in the defendant's answer. According to plaintiff's account of the joint affairs, the husband was a worthless loafer, a drunkard, and addicted to the use of opium. He would leave home without cause and be gone for periods of three to ten months, and while he was at home she performed most of the work in the rooming house without much assistance from him. She also testifies he took money from her a number of times

when he went away, usually in sums of about $100.  Her testimony as to the failure of defendant to work does not seem to be corroborated to any extent.  On the other hand, the defendant admits that he occasionally became intoxicated, and confesses that he left home on a few occasions, as testified to by the wife, but he introduces a material variation in the plaintiff's story by declaring that he was practically driven away by her.  He testifies positively that while at home he did nearly all the work connected with the care of the rooming house, making beds, sweeping, scrubbing, varnishing woodwork and furniture, etc., and that when the new property was acquired he painted the rooms, worked in the yard, took care of those rooms that were rented, as in the other house, and did other work about the premises.  His testimony as to his work in the rooming house is corroborated by several other witnesses.

It is impossible for this court to tell from the cold record which of these witnesses is telling the truth.  Where a person is accused of being a drunkard and confirmed opium user, his personal appearance upon the witness-stand may often throw light upon the truth or falsity of the charge.  The trial court had both parties before it, and is better qualified to determine the truth of their respective stories than this court.  It evidently believed the defendant, in part at least, as to his share in the joint accumulation.

The new house was purchased for $7,400; there is a mortgage upon it for $1,600, leaving the equity of the plaintiff therein $5,800.  Twenty-two hundred dollars of this was derived from her inheritance, so that $3,600 from the proceeds of the business had been invested in this property.  There is also $500 from the profits of the rooming house invested in a farm in Wyoming.  At the time the parties were married the wife's property was worth from $50 to $100, leaving about $4,000 net as their joint accumulations.  We think the division of the property made by the district court is fair.  No objections were made in the district court to the settlement of these prop-

erty rights, and hence none will be considered here. *Greene v. Greene*, 49 Neb. 546.

We find no error in the judgment of the district court, and it is therefore

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.